Filed 10/24/23  P. v. Roberson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081235 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN435717) |
| MICHAEL TYRONE ROBERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

Michael Tyrone Roberson was convicted after a bench trial of assault with force likely to produce great bodily injury (Pen. Code,[2] § 245, subd. (a)(4)), battery resulting in serious bodily injury (*id.*, § 243, subd. (d)), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The trial court sentenced Roberson to 16 years in prison and imposed a restitution fine (Pen. Code, § 1202.4), a stayed parole revocation fine (*id.*, § 1202.45), a court operations assessment (*id.*, § 1465.8), and a criminal conviction assessment (Gov. Code, § 70373).

Roberson argues on appeal that: (1) there was insufficient evidence to prove that he was not acting in self-defense, and (2) the trial court's imposition of fines and assessments without determining ability to pay violated Roberson's due process rights. We find no error and affirm the judgment.

I

In July 2022, Roberson and the victim got into an argument in Oceanside, California, where both were living on the street. Roberson is about six feet tall and weighed around 220 pounds at the time. The victim, a woman in her late 50s, is five feet six inches tall, and weighed about 120 pounds. The victim confronted Roberson because she thought he stole something from her cart. During their argument, Roberson punched the

---

[1]    We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2]    Undesignated statutory references are to the Penal Code.

victim in the face with a closed fist. The victim underwent surgery for severe injuries to her jaw, lost multiple teeth, and spent several days in the hospital.

Roberson told officers at the scene that he hit the victim because she called him "the N word" and spit on him. The victim denied doing either. A nearby witness also said he did not see the victim threaten Roberson, spit on him, or raise a weapon against him.

## II

On review, we must " 'examine the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value— that would support a rational trier of fact in finding [the defendant guilty] beyond a reasonable doubt.' [Citations.]" (*People v. San Nicolas* (2004) 34 Cal.4th 614, 657–658.) We must "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People v. Jones* (1990) 51 Cal.3d 294, 314.) We do not reweigh the evidence, reappraise the credibility of witnesses, or settle factual conflicts, as such functions are within the exclusive arena of the trier of fact. (*People v. Xiong* (2013) 215 Cal.App.4th 1259, 1268 (*Xiong*).)

After considering CALCRIM No. 3470, the jury instruction on self-defense,[3] the trial court first found that Roberson's statements about the victim using a racial epithet and spitting on him, lacked credibility. We do not re-examine the court's credibility determinations, and Roberson points to

---

3  CALCRIM No. 3470 reads, in relevant part, that a defendant is not guilty of a charged crime where he used force against another if he: "[(1)] . . . reasonably believed that [he] . . . was in imminent danger of suffering bodily injury [or was in imminent danger of being touched unlawfully]; [¶] [(2)] . . . reasonably believed that the immediate use of force was necessary to defend against that  danger; [¶] AND [¶] [(3)] . . . used no more force than was reasonably necessary to defend against that danger."

no other evidence that he believed he was in imminent danger.  (*Xiong*, *supra*, 215 Cal.App.4th at p. 1268; see CALCRIM No. 3470.)  To assert self-defense, a defendant "must actually believe in the need to defend himself . . . ."  (*People v. Viramontes* (2001) 93 Cal.App.4th 1256, 1262.)  Absent credible evidence that the victim used any threatening language or spat on Roberson, and given testimony to the contrary, we conclude that substantial evidence supports the court's implicit finding that Roberson did not believe he was in danger.

The court further found that even if it believed Roberson's statements at the scene to be credible, the People proved beyond a reasonable doubt that Roberson used more force than was reasonably necessary to defend against any danger arising from the victim's alleged actions.  Evidence showed that the victim was unarmed, and that Roberson was much larger in stature than the victim.  (See *People v. Smith* (1907) 151 Cal. 619, 627–628 [disparity in relative physical condition is relevant to self-defense].)  While Roberson points to no evidence that he suffered any injuries during the altercation, the record contains ample evidence that the victim suffered extensive injuries requiring surgery and several days in the hospital.  The court reasoned that while "[p]ushing someone away might have been" a reasonably necessary response, "a full-force punch into somebody's face" was not.  Viewing the evidence in the light most favorable to the verdict, we conclude that substantial evidence also supports the court's finding that Roberson did not act in self-defense because he used more force than was reasonably necessary.

## III

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Roberson also asserts that the trial court erred by imposing $300 in

restitution fines (Pen. Code, § 1202.4, subd. (b)), a stayed $300 parole revocation fine (*id*., § 1202.45), an $80 court operations assessment (*id*., § 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373), without making any determination that he had the ability to pay.[4] We conclude that Roberson forfeited the ability to pay issue by failing to raise it at sentencing, which occurred more than three years after *Dueñas* was decided.

At sentencing, when the trial court imposed the fines and assessments, Roberson did not argue that he lacked the ability to pay these fines and did not request a hearing on his ability to pay. In fact, the court stated that it was imposing the minimum $300 restitution fine "although it was recommended that the defendant pay a restitution fine of $10,000 . . . based upon the court's understanding of the defendant's financial circumstances." "The concept of forfeiture for failure to raise ability to pay fines, fees or assessments is well established in our case law . . . ." (*People v. Keene* (2019) 43 Cal.App.5th 861, 864 [holding defendant forfeited *Dueñas* issue by failing to raise it at sentencing even though he was represented by counsel and "was aware of the recommended amount of money proposed to be assessed against him"].) Roberson's "silence [on the ability to pay issue] is a classic example of the application of the forfeiture doctrine relied upon by the California Supreme Court in numerous criminal sentencing cases decided well before *Dueñas*." (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [holding

---

4    Other California courts have disagreed with the holding of *Dueñas*, and the issue is currently pending before our Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

5

defendant forfeited ability to pay argument regarding restitution fine and fees by failing to object at sentencing].)

DISPOSITION

The judgment is affirmed.


BUCHANAN, J.

WE CONCUR:


IRION, Acting P.J.


RUBIN, J.

6